United States District Court
Southern District of Texas
**ENTERED**
April 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSE ZUNIGA, § § Plaintiff, § § vs. § § CARRIZALES COUNTY JAIL, § HIDALGO COUNTY DETENTION § CENTER, AND § JOANNA FUENTES, § § Defendants. § | CASE NO. 7:22-cv-00149 |

## REPORT AND RECOMMENDATION

On May 12, 2022, Plaintiff, Jose Zuniga, filed a *pro se* prisoner civil rights complaint under 42 U.S.C. § 1983. (Dkt. No. 1.) After initial screening of the Plaintiff's claims pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with his claim against Carrizales Detention Center (Cameron County) and a detention facility counselor, Joanna Fuentes, in her individual capacity. (Dkt. No. 16 at 1-2.) On November 2, 2022, Defendants filed a joint Motion to Dismiss. (Dkt. No. 30.) After review of said motion, the undersigned ordered Defendant Fuentes to Answer Plaintiff's Complaint. (Dkt. No. 31.) Thereafter, on December 15, 2022, Defendant Fuentes filed an Answer. (Dkt. No. 32.) On March 1, 2023, Defendant Fuentes filed a Motion for Summary Judgment (Dkt. No. 36) with attached exhibits in support (Dkt. No. 37). Plaintiff was provided 30 days to file a response (Dkt. No. 31, ¶5), however, as of date of this Order, Plaintiff has not filed any responsive pleadings.

1

After careful review of Plaintiff's claims, court filings, relevant exhibits, and relevant case law, the undersigned recommends the following:

- *That Defendant's Motion to Dismiss (Dkt. No. 30) be **GRANTED** in part as to Cameron County but **DENIED** in part as to Defendant Fuentes,*

- *That Defendant Fuentes' Motion for Summary Judgment (Dkt. No. 36) be **GRANTED**,*

- *And, due to the granting of each of these motions and for reasons explained within this report, that Plaintiff's Complaint (Dkt. No. 1) be **DIMISSED with prejudice** for failure to state a claim, and*

- *That Plaintiff's Request for Counsel (Dkt. No. 28) be **DENIED** as moot.*

Accordingly, this matter should be closed upon dismissal of the complaint.

## I. Background

On May 12, 2022, Plaintiff, Jose Zuniga, filed a *pro se* prisoner civil rights complaint under 42 U.S.C. § 1983. (Dkt. No. 1.) Plaintiff's Complaint and supplemental pleadings allege that Plaintiff was subject to a series of assaults, sexual and physical, by another inmate, Jose Basulto (known as "Shadow"), between December 17, 2021, and December 22, 2021. (Dkt. Nos. 1-1, 7, 15.)[1] Plaintiff further claims that Carrizales Detention Center officials, specifically Defendant Fuentes, were aware of the ongoing assaults and failed to protect Plaintiff from additional assaults. (Dkt. Nos. 7, 15.) After review under § 1915A, Plaintiff was allowed to proceed with his claims against Defendants Carrizales Detention Center and Fuentes. (Dkt. No. 21.)

In response, Defendants filed a Motion to Dismiss Plaintiff's Original Petition. (Dkt. No. 30.) Defendant, Cameron County, argued that Plaintiff failed to state a claim upon which relief may be granted because Plaintiff did not allege facts supporting a claim of municipal liability. (Dkt. No. 30 at 1, ¶ 1.) Similarly, Defendant Fuentes argued that Plaintiff failed to plead a failure

---

[1] While the exact name of the alleged perpetrator is unclear in Plaintiff's filings; based on review of exhibits provided by Defendant, said individual is identified as Jose Basulto. *See* Dkt. No. 37 at 1.

2

to protect constitutional claim and, in the alternative, overcome qualified immunity. (Dkt. No. 30 at 4, ¶ 11.)

After review of the Motion, the undersigned concluded that the Plaintiff did not state a plausible claim against Cameron County. (Dkt. No. 31 at 2.) In contrast, the undersigned believed that Plaintiff did state facts sufficient to state a plausible claim against Defendant Fuentes. (Dkt. No. 31.) Defendant Fuentes was ordered to Answer the Plaintiff's Complaint. (*Id.*)

On December 15, 2022, Defendant Fuentes filed an Answer to Plaintiff's Complaint. (Dkt. No. 32.) In Defendant Fuentes' Answer, she reasserted qualified immunity and the failure to exhaust administrative remedies as defenses to Plaintiff's Complaint. (*Id.*) On March 1, 2023, Defendant Fuentes filed a Motion for Summary Judgment (Dkt. No. 36) with exhibits in support. (Dkt. No. 37). In Defendant Fuentes' Motion for Summary Judgment, she argues that there is no genuine dispute of fact that Fuentes did not act with deliberate indifference towards Plaintiff's health and safety. In support of Defendant Fuentes' argument that she did not act with deliberate indifference, she provided substantial evidence showing that she acted reasonably in response to Plaintiff's complaints of sexual assault and did not place him back in the cell with his assaulter.

## II. Standard of Review

### a. 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Covarrubias v. Wallace*, 907 F. Supp. 2d 808, 825 (E.D. Tex. 2012).


to protect constitutional claim and, in the alternative, overcome qualified immunity. (Dkt. No. 30 at 4, ¶ 11.)

After review of the Motion, the undersigned concluded that the Plaintiff did not state a plausible claim against Cameron County. (Dkt. No. 31 at 2.) In contrast, the undersigned believed that Plaintiff did state facts sufficient to state a plausible claim against Defendant Fuentes. (Dkt. No. 31.) Defendant Fuentes was ordered to Answer the Plaintiff's Complaint. (*Id.*)

On December 15, 2022, Defendant Fuentes filed an Answer to Plaintiff's Complaint. (Dkt. No. 32.) In Defendant Fuentes' Answer, she reasserted qualified immunity and the failure to exhaust administrative remedies as defenses to Plaintiff's Complaint. (*Id.*) On March 1, 2023, Defendant Fuentes filed a Motion for Summary Judgment (Dkt. No. 36) with exhibits in support. (Dkt. No. 37). In Defendant Fuentes' Motion for Summary Judgment, she argues that there is no genuine dispute of fact that Fuentes did not act with deliberate indifference towards Plaintiff's health and safety. In support of Defendant Fuentes' argument that she did not act with deliberate indifference, she provided substantial evidence showing that she acted reasonably in response to Plaintiff's complaints of sexual assault and did not place him back in the cell with his assaulter.

## II. Standard of Review

### a. 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Covarrubias v. Wallace*, 907 F. Supp. 2d 808, 825 (E.D. Tex. 2012).

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 325-27 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, no relief could be granted under any set of facts that could be proved consistent with the allegations. *Neitzke*, 490 U.S. at 327 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also Hasty v. Johnson*, 103 F. App'x 816, 818 (5th Cir. 2004).

### b. Motion to Dismiss

The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement ... showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It follows, that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (alteration in original).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, a court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 681. Second, the court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (internal quotation marks and citations omitted).

A court must accept as true all well-pleaded facts contained in plaintiff's complaint and view them in the light most favorable to plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)). In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

### c. Summary Judgment Standard

Summary judgment is proper when there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party moving for summary judgment may support their argument through affidavits or other documents. Fed. R. Civ. P. 56(c). The court considers all "evidence in the light most favorable to the party resisting the motion." *Trevino v. Celanese Corp.*, 701 F.2d 397, 407 (5th Cir. 1983). To succeed on a motion for summary judgment, a defendant must show there is no genuine dispute as to any material fact in that plaintiff cannot prove the required elements of a § 1983 failure to protect claim. *See Sheppard v. City of Alexandria*, No. CIV.A. 10-1396, 2012 WL 3961820, at *1 (W.D. La. Sept. 10, 2012).

### d. Failure to Protect

Plaintiff was a pretrial detainee when the alleged assault occurred; however, as set out by the Fifth Circuit, the standard of deliberate indifference is the same as if plaintiff were a convicted individual serving a sentence in custody. "Pretrial detainees and convicted prisoners, however, look to different constitutional provisions for their respective rights to basic medical care and safety." *Hare v. City of Corinth, MS*, 74 F.3d 633, 639 (5th Cir. 1996). However, despite the

5

distinction as to status and source of constitutional rights[2], "a pretrial detainee's due process rights are said to be 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Id.* (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Therefore, "[f]inding no constitutionally significant distinction between the rights of pretrial detainees and convicted inmates to basic human need, including medical care and protection from violence or suicide, we [Fifth Circuit] conclude that a state jail official's liability to pretrial detainees for episodic acts or omissions should be measured by a standard of subjective deliberate indifference as enunciated by the Supreme Court in *Farmer* [*v. Brennan*, 511 U.S. 825]." *Id.* at 643.

The Eighth Amendment affords prisoners protection against injury at the hands of other inmates. *Black v. Colunga*, 656 F. Supp. 2d 625, 634 (E.D. Tex. 2009) (citing *Smith v. Wade*, 461 U.S. 30 (1983)). However, not every injury suffered by one inmate at the hands of another is considered to rise to the level of a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Instead, the standard requires the prison officials to act with deliberate indifference to the safety of the inmate. *Id.*; *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). The official must both be aware of the facts from which an excessive risk of safety can be drawn, and they must draw the inference that a serious risk of harm exists from those facts. *Farmer*, 511 U.S. at 837. A prison official could avoid liability if he reasonably responded to the risk, even if the harm was not avoided. *Id.* at 844. Therefore, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a

---

[2] "The constitutional rights of a convicted state prisoner spring from the Eight Amendment's prohibition on cruel and unusual punishment, …, and, with a relatively limited reach, from substantive due process. The constitutional rights of a pretrial detainee, on the other hand, flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (citations omitted).

substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Thus, to succeed on an Eighth Amendment failure-to-protect claim, an inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials acted with deliberate indifference to inmate's safety. *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004). A prison official is "deliberately indifferent," for purposes of establishing inmate's Eighth Amendment failure-to-protect claim, "when he 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837); *see also Alvarez v. Akwitti*, 997 F.3d 211, 215 (5th Cir. 2021) (citing *Rogers v. Boatright*, 709 F.3d 403, 407-08 (5th Cir. 2013)). "Whether a risk is substantial, and the threatened harm is serious represents an objective test; whether prison officials consciously disregarded the risk represents a subjective one." *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015) (citing *Ball v. LaBlanc*, 792 F.3d 584, 592 (5th Cir. 2015)).

### III. Analysis

#### a. 28 U.S.C. § 1915A Review

Under initial § 1915A review, the undersigned concluded that Plaintiff alleged two frivolous claims and two nonfrivolous claims. (Dkt. No. 16.) As such, Plaintiff was allowed to proceed with his surviving claims, and summons regarding the frivolous claims were withheld. (*Id.*) As such, the frivolous claims subject to dismissal under § 1915A review are addressed below.

First, Plaintiff alleged a violation of the Prison Rape Elimination Act (PREA) against the Hidalgo County Detention Center. (Dkt. No. 1.) Plaintiff's claim under PREA is frivolous because PREA does not provide a private right of action. The PREA's purpose is to address the problem

of rape in prison and does not give prisoners any specific rights. *Reel v. LeBlanc*, No. CV 19-838-JWD-SDJ, 2020 WL 3067273, at *3 (M.D. La. May 10, 2020), *report and rec. adopted by* 2020 WL 3065298 (M.D. La. June 9, 2020). Further, it does not create any private right of action for inmates to sue prison officials for noncompliance with PREA. *Id. See also Krieg v. Steele*, 559 F. App'x 231, 232-33 (5th Cir. 2015) (affirming dismissal of PREA claim as frivolous because PREA does not establish a private cause of action for prison rape). Thus, Plaintiff's claim under PREA is meritless and is subject to dismissal under § 1915A.

Second, Plaintiff's claims against Hidalgo County, Carrizales Detention Center, and Cameron County alleging a violation of a constitutional right to privacy are frivolous because inmates do not have a right to privacy in arrest records or related information. (Dkt. No. 1, 7-2.) Arrest records and related information are not protected by a constitutional right to privacy, as they are considered matters of public record. *See Lott v. City of Lubbock, Tex.*, 184 F.3d 819, 1999 WL 500689, at *2 (5th Cir. 1999) (per curium); *cf. Campos v. Webb Cnty, Texas*, No. 5:12-CV-7, 2013 WL 12387158, at *3 (S.D. Tex. Feb. 7, 2013). Thus, Plaintiff's claim alleging liability for posting his charges on Facebook and not concealing his file during the booking process are without legal merit and subject to dismissal under § 1915A review.

  b. **Cameron County's Motion to Dismiss**

A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–314 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Thus, Cameron County Jail and Carrizales County Detention Center are non-

jural entities incapable of being sued. *Smith v. Tom Green Cnty. Jail*, No. 6:17-CV-0055-BL, 2018 WL 3873665, at *8 (N.D. Tex. Aug. 15, 2018) (finding that the Tom Green County Jail lacks a separate legal existence and dismissing claims against it as frivolous); *Edwards v. Dallas Cnty. Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sep. 13, 2007) (noting that "[f]ederal courts in this district [Fifth Circuit] have uniformly held that entities without a separate jural existence are not subject to suit."). However, while not specifically stated by Plaintiff, this court broadly construes the claim alleged to be pleaded against officials at the jail facilities in their official capacities. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that claims by *pro se* plaintiffs are liberally construed by the courts); *see also* Dkt. Nos. 7-2, 15 (alleging that Carrizales Detention Center officials were aware of ongoing assaults and failed to protect Plaintiff from said assaults). Because a claim against jail officials in their official capacity is treated as a claim against the county, the merit of such claim is addressed. *Brooks v. George Co.*, 84 F.3d 157, 165 (5th Cir. 1996) (claims against sheriff in his official capacity are to be treated as claims against the county).

To assert a claim against a local government entity under 42 U.S.C. § 1983, a plaintiff must plead facts to plausibly establish "a policymaker, an official policy, and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (citation omitted); *see also Monell v. Dep't. of Social Services*, 436 U.S. 658, 794 (1978). "Section 1983 offers no *respondeat superior* liability." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). "[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (footnotes omitted) (citing

*Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984); *McKee v. City of Rockwell*, 877 F.2d 409, 415 (5th Cir. 1989)). Thus, to establish municipal liability under § 1983, a plaintiff must allege deprivation of a constitutional right caused by an action taken 'pursuant to an official municipal policy.'" *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010); *see also Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019). A facially innocuous policy will only support liability if the policy was "promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result." *Piotrowski*, 237 F.3d at 579 (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 407 (1997)).

The facts alleged do not raise a reasonable expectation that discovery will reveal evidence of a policy or procedure that violated Plaintiff's constitutional rights. As Defendant Cameron County noted, Plaintiff did not mention a policy or procedure in relation to his failure-to-protect claim against Defendant Cameron County, and thus, Plaintiff has failed to state a plausible claim against Cameron County under the motion to dismiss standard. *Ratliff*, 948 F.3d at 285. Considering there is no § 1983 claim under *respondeat superior* holding the County liable for actions of County employees and Plaintiff's failure to identify a policy or custom causing the unconstitutional conduct alleged, there is no reason this court should believe that additional discovery would reveal otherwise. *See Pineda*, 291 F.3d at 328; *see also Piotrowski*, 237 F.3d at 578.

As such, Defendant Cameron County's Motion to Dismiss should be granted.

c. **Defendant Fuentes' Motion for Summary Judgment**

i. Deliberate Indifference

After review of the case law and exhibits submitted by Defendant Fuentes, there is no genuine dispute of material fact and Defendant Fuentes is entitled to a favorable judgment as a

matter of law. As outlined above, the Plaintiff must establish that Defendant Fuentes acted with deliberate indifference towards a serious risk to his health or safety. *Johnson*, 385 F.3d at 524. A prison official is "deliberately indifferent," for purposes of establishing inmate's Eighth Amendment failure-to-protect claim, "when he 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). "Whether a risk is substantial and the threatened harm is serious represents an objective test; whether prison officials consciously disregarded the risk represents a subjective one." *Hinojosa*, 807 F.3d at 665.

Plaintiff's claims survived the initial motion to dismiss as to Defendant Fuentes since Plaintiff has articulated a dispute of fact regarding whether Defendant Fuentes acted with deliberate indifference in response to Plaintiff's sexual assault complaints. Specifically, Plaintiff alleged that Defendant Fuentes knew that he was subject to ongoing sexual assaults and feared for his life. (Dkt. No. 15-2 at 4, ¶3(d).)[3] Plaintiff also alleged that Fuentes knew that Plaintiff's aggressor potentially had possession of a deadly weapon. (Dkt. No. 7-2 at 3.) Further, Plaintiff alleged that rather than removing Plaintiff from his cell, Fuentes sent Plaintiff back to his cell where he was subject to repeated assaults for the following two days. (*Id.*) After two days, Plaintiff alleged that he was finally removed from his cell and brought to the hospital. (Dkt. Nos. 1-1 at 1; 7-2 at 3.) Assumed to be true for purposes of review of whether or not a claim has been set out by Plaintiff, the facts initially appeared as if Defendant Fuentes could be subject to liability. *See Edmond v. Eaves*, 70 F. App'x 159, 160 (5th Cir. 2003) (prisoner's allegation that officials

---

[3] Plaintiff has set forth filings in Spanish; a translation by a federally certified court interpreter has been filed with each Spanish filing within the CM/ECF docketing system. *See, e.g.,* Dkt. No. 15-2. When warranted for pinpoint citations reference will be to English translation of filing.

failed to move him after he received threats from inmates was sufficient to state a failure to protect claim); *but see Campbell v. Thomas*, 98 F. App'x 308, 309 (5th Cir. 2004) (holding that prisoner failed to show that officials were deliberately indifferent to his complaints regarding sexual assaults where officials responded by moving him to a different cell and moving the alleged perpetrator).

However, Defendant Fuentes has submitted hospital and detention center records showing that Plaintiff was immediately removed from his cell upon notifying Defendant Fuentes of the sexual assault. (*See* Dkt. No. 37.) Specifically, the investigation reports reveal that on December 23, 2021, around 8:35 a.m., Defendant Fuentes received an email from a counselor, Maria Del Pilar Rodriguez, which requested that Defendant Fuentes speak with Plaintiff regarding a report of sexual assault that morning. (Dkt. No. 37 at 1, 6; *see also* Dkt. No. 37-1 (email).) The e-mail was sent the night before on December 22, 2021, at 6:45 p.m. (Dk.t No. 37-1.) Immediately after reading the email, Defendant Fuentes advised the jailers that Plaintiff needed to be moved from his cell immediately due to re-housing. (Dkt. No. 37 at 1, 6.) Thereafter, around 8:53 a.m., Plaintiff was escorted to Defendant Fuentes' office, where they discussed the allegations Plaintiff had made to the other counselor. (*Id.*) These discussions were recorded in the investigation report. (*Id.* at 2-4.)

Between 9:08 a.m. and 9:35 a.m., Defendant Fuentes contacted three Lieutenants and a deputy to search the cell for any weapons, appoint a victim advocate, and file charges against Plaintiff's alleged aggressor. (*Id.* at 6.) Around 9:48 a.m., Plaintiff was seen by a doctor for a medical examination based on the allegations. (*Id.*; Dkt. No. 37-4 (medical examination report).) Around 10:15 a.m., a victim advocate, Karina Vega, went to the hospital to speak with Plaintiff. (Dkt. No. 37 at 6.) While Plaintiff was being treated at the hospital, Defendant Fuentes followed

all protocols by reporting the incident to her superiors, interviewing potential witnesses and the alleged aggressor, and taking photos of the crime scene. (*Id.* at 6-7.) Plaintiff's cell, located in Lima 1, was searched by officers considering Plaintiff's report of the aggressor being in possession of a shank. Officers reported finding a shank in an inmate's shoe. (Dkt. No. 37-2 (investigation report).) Around 5:00 p.m., Plaintiff returned from the hospital and was moved from Lima 1 to Alpha 1 single cell. (Dkt. No. 37 at 6-7; Dkt. No. 37-5 (cell transfer sheet).)

The following day, Defendant Fuentes conducted a follow-up interview with Plaintiff, who stated that he felt better. (Dkt. No. 37 at 7.) Defendant Fuentes informed Plaintiff that she was there to help him and that she would schedule Plaintiff a follow-up appointment with the counselor. (*Id.*) The alleged aggressor was charged with a sexual assault offense and the allegations were "substantiated" by Defendant Fuentes. (*Id.* at 7, 12.)

The reports provided set out Defendant Fuentes' response to Plaintiff's report of sexual assault. The reports reveal that Defendant Fuentes acted reasonably and followed all protocols in response. Further, the reports show that Defendant Fuentes immediately removed Plaintiff from his cell. There is no evidence within either Plaintiff's inmate cell transfer sheet or any other official report indicating that Plaintiff was returned to the cell with his aggressor. Further, Defendant Fuentes' reports are corroborated in the Field Case Report by Lieutenant Jose Rosas (Dkt. No. 37-3), the medical forensic examination report (Dkt. No. 3-4), the cell transfer sheet by Lieutenant S. Barjas (Dkt. No. 37-5), and the copy of the email dated 12/22/2021 from Counselor Maria Pilar Rodriguez (Dkt. No. 37-1). As such, based on the facts as outlined within the documents presented, there are no factual allegations showing that Defendant Fuentes acted with deliberate indifference as to Plaintiff's claim. Thus, Defendant Fuentes is entitled to judgment in her favor as a matter of law. *See Campbell*, 98 F. App'x at 309 (holding that prisoner failed to show that

officials were deliberately indifferent to his complaints regarding sexual assaults where officials responded by moving him to a different cell and moving the alleged perpetrator).

### ii. Exhaustion

Furthermore, as asserted by Defendant Fuentes, Plaintiff has failed to exhaust his administrative remedies, entitling her to judgment as a matter of law. (Dkt. No. 36 at 6.) Under 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies before bringing a civil rights claim based on allegations occurring while detained. The inmate must strictly comply with administrative deadlines and other procedures with no exceptions. *Ramirez v. Collier*, 142 S. Ct. 1264, 1275 (2022) (citations omitted).

There is no evidence showing that Plaintiff commenced any administrative procedures regarding his allegations. Further, Plaintiff reported in his Complaint that he did not exhaust the institutional grievance procedures. (Dkt. No. 1 at 3.) Nor did Plaintiff provide a copy of a grievance procedure response as requested on the civil rights complaint form. (*Id.*) As such, there is no genuine dispute of fact regarding whether Plaintiff exhausted his administrative remedies; therefore, Defendant Fuentes is entitled to judgment in her favor as a matter of law.

### iii. Qualified Immunity

Defendant Fuentes also realleges the affirmative defense of qualified immunity. (Dkt. No. 36 at 2-3.) However, due to the previously mentioned shortcomings in Plaintiff's claim, such analysis regarding qualified immunity defense is unnecessary.

### d. Plaintiff's Request for Counsel

"Pursuant to 28 U.S.C. § 1915(e)(1), the court may appoint an attorney to represent a litigant in federal court, but there is no automatic right to appointment of counsel in a civil rights case." *Castro Romero v. Becken*, 256 F.3d 349, 353-54 (5th Cir. 2001); *see also Jackson v. Cain*,

864 F.2d 1235, 1242 (5th Cir. 1989). Further, "[i]n evaluating whether the appointment of counsel is proper, the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence." *Castro Romero*, 256 F.3d at 354; *see also Jackson*, 256 F.3d at 1242. Likewise, a "trial court is not required to appoint counsel for an indigent plaintiff asserting a [civil rights claim] unless the case presents exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

At this stage in the proceedings, the Court has already received significant discovery documents related to Plaintiff's claims and there is no indication that additional discovery will be required. Based on the evidence already provided by Defendant, there is no indication that further discovery would reveal evidence in Plaintiff's favor. Plaintiff's case is not unusually complex nor is there additional skill required to present his claims. Further, Plaintiff has been diligent in prosecuting his claims, filing responses, and effectively setting out the nature of his allegations. Therefore, this undersigned recommends that because no exceptional circumstances exist to warrant the appointment of counsel, Plaintiff's request should be denied.

## Conclusion

### *Recommended Disposition*

After careful review of court filings, the record, and relevant law, the undersigned recommends that Defendant's Motion to Dismiss (Dkt. No. 30) be **GRANTED** in part as to Cameron County but **DENIED** in part as to Defendant Fuentes, that Defendant Fuentes' Motion for Summary Judgment (Dkt. No. 36) be **GRANTED**, and, due to the granting of each of those motions for noted reasons and, for reasons explained above as to those claims that lack merit under section 1915A review, that Plaintiff's Complaint (Dkt. No. 1) be **DIMISSED with prejudice** for failure to state a claim, and Plaintiff's Request for Counsel (Dkt. No. 28) be **DENIED** as moot.

Accordingly, this matter should be closed out.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

**SIGNED** at McAllen, Texas, on 24th day of April 2023.

Juan F. Alanis
United States Magistrate Judge